UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22981-CIV-JEM/EIS

SAVE OUR ALLIES, LLC,

    Plaintiff,

v.

GREGORY GUSTIN, THE RAVENSWOOD
GROUP HOLDING LLC, and MATTHEW
NELSON,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

This matter is before the undersigned on the Motion for an Award of Attorneys' Fees, ECF No. 29, filed by the Plaintiff, Save Our Allies, LLC ("Save Our Allies"). The Plaintiff seeks an award of attorneys' fees under Florida's civil theft statute, section 772.11, Florida Statutes, as well as prejudgment and post-judgment interest, following the Court's entry of a default judgment against Defendant The Ravenswood Group Holding LLC ("Ravenswood"). *See* ECF Nos. 27, 28. The Honorable Jose E. Martinez, United States District Judge, referred the Plaintiff's motion to the undersigned for a report and recommendation. ECF No. 31. Having reviewed the Plaintiff's motion, the record and applicable law, and being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's motion, ECF No. 29, be **GRANTED IN PART AND DENIED IN PART**.

**I.    LEGAL STANDARD**

The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose,

unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010). "There is a long-standing adherence in Florida law to the 'American Rule' that attorney fees may be awarded by a court only when authorized by statute or agreement of the parties." *Mallas v. Mallas*, 326 So. 3d 704, 705 (Fla. 4th Dist. Ct. App. 2021) (quoting *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 614 (Fla. 1995)). "When attorney's fees are authorized by a statute, that statute must be 'strictly construed.'" *Id.* (quoting *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013).

## II.   ANALYSIS

### A. Attorneys' Fees Under Florida's Civil Theft Statute

The Plaintiff's motion seeks $224,415.00 in attorneys' fees—exclusively pursuant to Florida's civil theft statute, Fla. Stat. § 772.11, one of five successful claims on which the Plaintiff prevailed against Ravenswood by default—for 223.30 hours of attorney time. The statute entitles "anyone who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation" of Florida's civil theft statute to "reasonable attorney's fees and court costs in the trial and appellate courts." Fla. Stat. § 772.11(1). The statute "does not limit any right to recover attorney's fees or costs provided under any other law." *Id.* However, "section[] 772.11 [is] claim specific." *Friedman v. Lauderdale Medical Equipment Service, Inc.*, 591 So. 2d 328, 329 (Fla. 4th Dist. Ct. App. 1992); *see Derek Runion v. Bernard*, No. 2:20-cv-718-JLB-MRM, 2022 WL 18492498, at *6 (M.D. Fla. Jan. 17, 2022) (awarding fees and costs "incurred in defending against the civil theft claim against him"), *report and recommendation adopted*, 2022 WL 2317367 (M.D. Fla. Feb. 11, 2022). In other words, § 772.11 does not provide a right to recover fees and costs for any claim other than the civil theft claim. *See Mallas*, 326 So. 3d at 705

(reversing an award of attorneys' fees under Fla. Stat. § 772.11 for the time spent litigating about attorney's fees because fees for fees are not recoverable under § 772.11).

Plaintiff is seeking $224,415.00 in fees for 223.30 hours of attorney time at hourly rates ranging from $950 to $1150 for associates and partners. ECF No. 29 at 3. To support its motion, the Plaintiff attaches the declaration of attorney Kevin Carroll, time sheets for the contributing attorneys, and several documents detailing the Plaintiff's attempts at serving the Defendant with the present motion for attorneys' fees. *See* ECF Nos. 30, 30-1, 30-2, 30-3, 30-4. A brief review of these documents, however, indicates that the Plaintiff is seeking fees beyond those attributable to the civil theft claim against Ravenswood. In other words, some of the fees requested do not appear to be "specific" to the civil theft claim against Defendant Ravenswood. *See Friedman*, 591 So. 2d at 329. Indeed, there appear to be many entries for attorney time related to work that is not specific to Defendant Ravenswood or the civil theft claim against Ravenswood. *See* ECF No. 30-1. For example, attorney S. Reilly includes thirteen time entries totaling 10.6 hours of attorney time and $12,119.50 in fees for entries exclusively relating to Defendant Matthew Nelson. *See* ECF No. 31-1 at 4-5. Attorney S. Vance has an entry for "review[ing] draft dismissal motion and text of Rule 41," which governs dismissals of actions, *id.* at 5; *see* Fed. R. Civ. P. 41, yet Defendant Ravenswood was not dismissed pursuant to Rule 41. There are also numerous entries for issues related to service of process and letters rogatory, ECF No. 31-1 at 2-5, but Defendant Ravenswood was served in Florida on September 22, 2022, through its registered agent, *see* ECF No. 7, long before many of those time entries were made. Even Plaintiff's fees and costs for the litigation of fees stemming from the civil theft claim are not recoverable under § 772.11. *See Mallas*, 326 So. 3d at 705; *see* ECF Nos. 30-2, 30-3, 30-4.

Given the circumstances, the "pages of time entries" submitted by the Plaintiff are "devoid of any context or real substance" and are "not helpful to [the] [C]ourt's analysis." *Bluestarexpo, Inc. v. Enis*, No. 21-20875-Civ-Scola, 2024 WL 376678, at *2 (S.D. Fla. Feb. 1, 2024). They simply do not show which claimed attorneys' fees involve work attributable to the civil theft claim. "A litigant must do more than simply present stacks of records, leaving it to the Court to sift through and decide how those records might apply." *Id.* "[I]t is not the Court's job to do Plaintiff's work for it." *Id.* (quotation omitted).

Accordingly, although the Plaintiff is entitled to reasonable attorneys' fees under Fla. Stat. § 772.11, the undersigned recommends that the Plaintiff's motion for attorneys' fees be **DENIED WITHOUT PREJUDICE**. The Plaintiff should be permitted an additional opportunity to revise and re-file an amended motion that should include only those attorneys' fees attributable to its civil theft claim against Defendant Ravenswood, as well as substantiation that the requested fees are attributable to that claim. The right to recover attorneys' fees for other claims and against other defendants is not provided for under Florida's civil theft statute, and the Plaintiff is not entitled to such fees.

**B. Pre-Judgment Interest**

Next, the Plaintiff seeks $58,269.98 in pre-judgment interest from the Ravenswood. "It is well settled that a plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment." *Alvarado v. Rice*, 614 So. 2d 498, 499 (Fla. 1993); *see also Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1192 (11th Cir. 2023) ("In federal diversity actions, pre-judgment interest is governed by state law . . . ."). The Plaintiff arrived at the requested amount by multiplying the amounts of loss incurred by the Plaintiff by the interest rate for each accumulating period until August 23, 2023, when the

Court entered default final judgment against Ravenswood. *See* ECF No. 29. In its motion, the Plaintiff identified the correct interest rates according to the Florida Chief Financial Officer for the relevant terms and used the correct amounts of damages and loss accrual dates to compute pre-judgment interest. *See id.* at 8-9; Fla. Stat. §§ 687.01 and 55.03; *see also* ECF Nos. 27 at 14 ("Plaintiff has adequately shown that it suffered damages in the amount of $735,128.00 due to the actions of Ravenswood"); ECF No. 28.

However, the Plaintiff incorrectly applied the interest rates and calculated pre-judgment interest by quarters. Under Florida law, the initial interest rate that is applied is the rate for the quarter when a loss is incurred; that rate is then applied for the remainder of that calendar year, and interest is then calculated for each succeeding year, until the date of judgment, based on the interest rate that is set for the quarter beginning on January 1 of that year. *See, e.g.*, *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-cv-2832-T-33CPT, 2020 WL 9597125, at *12 (M.D. Fla. June 4, 2020) ("As for the amount of such interest, the prejudgment interest rate is controlled by Florida statute and is set quarterly by Florida's Chief Financial Officer. The applicable prejudgment interest is the rate effective at the time of entitlement and is adjusted annually on January 1 of each year.") (citations omitted); *Precision Diagnostic, Inc. v. Progressive Am. Ins. Co.*, 330 So. 3d 32, 34-35 (Fla. 4th Dist. Ct. App. 2021); *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1330-31 (S.D. Fla. 2009). Accordingly, the prejudgment interest for 2022 is computed as follows:

> .000116438 (daily interest rate for quarter beginning on January 1, 2022) x 313 days (days from February 21, 2022, to December 31, 2022) x $590,000 = $21,502.61

> .000116438 (daily interest rate for quarter beginning on January 1, 2022) x 275 days (days from March 31, 2022, to December 31, 2022) x $145,128 = $4,647.06

5

These calculations yield a total of $26,149.67 in pre-judgment interest for 2022. For 2023, the interest calculation through the date of judgment is computed as follows:

> .000151233 (daily interest rate for quarter beginning on January 1, 2023) x 234 days (days from January 1, 2023, to August 23, 2023) x $735,128.00 = $26,015.09

This yields a combined total of $52,164.76 from the dates of the Plaintiff's losses in 2022 through the date of entry of judgment on August 23, 2023.

Accordingly, the undersigned recommends that the Plaintiff's request for an award of pre-judgment interest in the amount of $52,164.76 be **GRANTED**.

### C. Post-Judgment Interest

Finally, the Plaintiff requests post-judgment interest, claiming that it is "entitled to post-judgment interest under Florida law." ECF No. 29 at 9 (citing Florida law). However, "[u]nlike pre-judgment interest, post-judgment interest is governed by federal law in diversity cases." *Walker*, 59 F.4th at 1194 (11th Cir. 2023). Nonetheless, the federal post-judgment interest statute provides as follows:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a).

Accordingly, the undersigned recommends that the Plaintiff's request for an award of post-judgment interest be **GRANTED**. Although the Plaintiff requests post-judgment interest at the rate of 3.23%, the actual post-judgment interest rate under § 1961(a) for the week before the judgment was entered in this case was 5.36%. Additionally, post-judgment interest should accrue

6

at that rate "from the date of the entry of the judgment," 28 U.S.C. § 1961(a), that is, August 23, 2023, and "shall be computed daily to the date of payment," *id.* § 1961(b).[1]

### III.    CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Plaintiff's Motion for Attorney's Fees, ECF No. 29, be **GRANTED IN PART AND DENIED IN PART** as follows:

a. That Plaintiff's request for attorneys' fees under Florida's civil theft statute, Fla. Stat. § 772.11, be **DENIED WITHOUT PREJUDICE**. The Plaintiff should be permitted to resubmit its request for fees, limited to those attorneys' fees attributable to the civil theft claim against Defendant Ravenswood;

b. That Plaintiff's request for pre-judgment interest be **GRANTED** in the adjusted amount of $52,164.76; and

c. That Plaintiff's request for post-judgment interest be **GRANTED** and that post-judgment interest shall accrue at the rate of 5.36% from August 23, 2023, the date of entry of the default judgment, until payment.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir.

---

[1] Because the amount of post-judgment interest continues to accrue, *see* 28 U.S.C. § 1961(a)-(b), the undersigned has not computed or recommended a specific amount of post-judgment interest.

R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 12th day of August 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Counsel of Record